## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Margaret O. Hanscome

v.

Wenant

Case No. C-77-1557

Margaret O. Hanscome

v.

William G. Horne

Case No. C-77-1558

September 12, 1978

### By JUDGE HENRY L. LAM

On September 7, 1978, this Court tried two separate suits, Chancery No. C-77-1557, which pertained to the two wills of Edward V. Wenant (who died on September 8, 1976) and Chancery No. C-77-1558 which pertained to the two wills of Gladys J. Wenant (who died on July 21, 1977). These suits are identical in purpose, brought originally to seek the aid of the court in interpreting said wills, but subsequently amended to suits seeking declaratory judgments. Both were tried simultaneously on the aforementioned date, the plaintiff proceeding in person and by counsel, and the defendant, William G. Horne proceeding pro se.

The plaintiff in both proceedings was Margaret O. Hanscome. Although different parties were named as defendants in the two suits, only one defendant, William G.

Horne answered and appeared in opposition to the plaintiff's pleadings.

Prior to the introduction of testimony, copies of four wills (the originals of which are lodged in these suit papers) were, by agreement, admitted as exhibits, being marked according to chronological dates as plaintiff's Exhibits A, B, C and D. For reference and convenience such exhibits are as follows:

*Plaintiff's Exhibit A* - will of Gladys Wenant dated April 15, 1964.

*Plaintiff's Exhibit B* - will of Edward V. Wenant dated April 15, 1964.

*Plaintiff's Exhibit C* - will of Edward V. Wenant dated April 29, 1976.

*Plaintiff's Exhibit D* - will of Gladys Wenant dated August 28, 1976.

Since the plaintiff's case and her rights rested on Exhibits C and D, no attempt was made by the plaintiff to prove Exhibits A and B, and the defendant made no attempt to prove same.

The plaintiff was not interested in proving the contents of Exhibit C, but the will was proved by one of the attesting witnesses, a bank employee, who testified that she and another employee of the bank were witnesses to Mr. Wenant's executing his will; but they had no knowledge of its contents. I mentioned that the plaintiff was not interested in proving the contents of Exhibit C because it was in effect a nullity and failed to transfer any property of value.

Although evidence was not presented as to the value of the estates of either Mr. or Mrs. Wenant, a reasonable inference from the evidence is that the primary property of value consisted of real estate, to-wit a house and lot located at 260 Overholt Drive within the City of Virginia Beach. Plaintiff's counsel informed the court that this real estate would transfer by terms of the property deed, upon Mr. Wenant's death to Mrs. Wenant. The deed records of this court confirmed that a deed dated December 22, 1965, and recorded in Deed Book 947 at page 475 provided by its terms that ownership in the property would pass to Mrs. Wenant upon Mr. Wenant's death.

The essential issues for the court's decision are as follows: at the time of the execution of Exhibit D,

was it a legally proper will, properly drawn and witnessed; was the testator of sound mind; and since the issue was raised by the defendant, was it executed free of undue influence of the plaintiff and/or her husband, the principal beneficiaries under this will?

Upon a review of the evidence, I have concluded as follows:

(a) That the will is "sufficiently" in proper form as to be capable of disposing of the real estate of the decedent.

(b) That it was properly witnessed, although the witnesses had no knowledge of its contents.

(c) That the weight of the evidence tends to prove that until the time of Mrs. Wenant's death on July 21, 1977, at the age of 63, she was of legally sound mind and under proper conditions and circumstances was capable of making and executing a will.

(d) That due to the circumstances that this will was drawn by the plaintiff, a principal beneficiary, and was executed while the testator was hospitalized; these factors, considered along with other evidence introduced, prove to the court that the testator did not freely execute this later will, but, rather, she suffered from the undue influence of the plaintiff.

Hence, I find and so hold that Exhibit D is void. Virginia law is quite clear that where one holds a position of trust and confidence and is also the draftsman of a will in which such draftsman is a major beneficiary, and, further, that where such newly executed will overturns a purpose long manifest by an earlier will of the testator; then a heavy burden rests upon such person to prove the validity of the later drawn instrument.

Here, as stated, proper proof of Exhibit D's existence and witnessing was not lacking. But that burden of proof required to show that the testator knew and wished to make such changes was lacking. In the factual situation presented, when Mrs. Wenant signed Exhibit D:

1. She was ill and hospitalized; and

2. Her husband was ill and was hospitalized in the same hospital as Mrs. Wenant. He died of a terminal illness on September 8, 1976, some ten days after she signed Exhibit D; and

3. According to its terms, Mrs. Wenant cut out the principal beneficiary of her earlier will, her husband; in effect, she dispossessed him as if he were already

dead, and, then, by the same writing dispossessed the secondary beneficiary of her earlier will, her only son, an invalid; and

4. Subsequent to her own hospitalization, and the death of her husband, Mrs. Wenant had ample time to have openly informed others of her desires and thus avoid any mistake as to her new intentions.

Since I have concluded that neither of the later two wills are valid (Exhibits C and D), the two earlier wills (Exhibits A and B) are on their face correct, and upon proper validation of their execution and witnessing they should be admitted to probate.